

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-24-2008

# USA v. Lopez

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2845

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Lopez" (2008). *2008 Decisions*. Paper 45.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/45

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2845

_____

UNITED STATES OF AMERICA

v.

JUAN ROLANDO RUBIO LOPEZ,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 05-cr-00593-1
District Judge: The Honorable Legrome D. Davis

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 9, 2008

Before: MCKEE, SMITH, and ROTH, *Circuit Judges*

(Filed: December 24, 2008 )

_____

OPINION

_____

SMITH, *Circuit Judge.*

Appellant Juan Rolando Rubio Lopez appeals his conviction and sentence for

certain federal drug crimes.  Lopez asserts that the United States District Court for the

1

Eastern District of Pennsylvania erred in denying his motion to suppress physical evidence obtained and derived from an allegedly improper seizure following a traffic stop in Ohio.[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Since the officer who initiated the traffic stop had adequate reasonable suspicion to extend the scope of the stop and to detain the tractor trailer and its occupants for further investigation, we will affirm.

Lopez accepts that the officer properly stopped the tractor trailer after the officer watched it cross outside of marked lanes of travel. Lopez, however, claims that the officer ran afoul of the Fourth Amendment when he extended the scope of the traffic stop and called for a drug detection dog. We disagree.

"After a traffic stop that was justified at its inception, an officer who develops a reasonable, articulable suspicion of criminal activity may expand the scope of an inquiry beyond the reason for the stop and detain the vehicle and its occupants for further investigation." *United States v. Givan*, 320 F.3d 452, 458 (3d Cir. 2003). In order to have reasonable suspicion, the officer must be able to "articulate some minimal, objective justification for an investigatory stop." *Id*. In evaluating the officer's basis for reasonable suspicion, we "must consider the totality of the circumstances, in light of the officer's experience." *Id*. Here, the officer, who had 16 years of highway patrol

---

[1]As the vehicle's owner, Lopez can challenge the traffic stop even though he was not present at the time. *United States v. Schaefer, Michael and Clairton Slag, Inc.*, 637 F.2d 200, 203 (3d Cir. 1980).

2

experience, pointed to no less than seven factors he took into account during the initial stop and that he believed to be unusual in the trucking industry and/or consistent with the transportation of illegal drugs: 1) the tractor trailer's load originated from Ontario, CA., a known source city for illegal drugs; 2) the driver flew from Phoenix, AZ., to pick up the truck; 3) the driver drove three hours, then stopped for nine, despite transporting perishable produce that usually needs to arrive at its destination as soon as possible; 4) the driver had been off duty for seven days prior to picking up the truck; 5) the tractor trailor had a high Department of Transportation number; 6) the passenger in the truck was awake, instead of asleep; and 7) the truck contained numerous religious symbols.

Viewing the totality of the circumstances in light of the officer's experience, we agree with the District Court that the officer had the reasonable suspicion necessary to "expand the scope of an inquiry beyond the reason for the stop and detain the vehicle and its occupants for further investigation." *Id.* Since the officer had ample reason to call for a drug detection dog and to detain the tractor trailer and its occupants until the dog arrived, we will affirm the District Court's judgment.

3